# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GRADY DALMIDA,

            Petitioner,       :      Case No. 1:17-cv-488

    - vs -                          District Judge Susan J. Dlott
                                     Magistrate Judge Michael R. Merz

Warden,
  Toledo Correctional Institution

                                 :

           Respondent.

# DECISION AND ORDER DENYING MOTION FOR DISCOVERY

Upon transfer of the Magistrate Judge reference in this case, the undersigned ordered petitioner to particularize the formal requests made in the Petition for discovery and an evidentiary hearing (ECF No. 18). Petitioner has responded with his Motion for Discovery Permissible for Consideration Under *Cullen v. Pinholster*, 563 U.S. 170 (2011) (ECF No. 19). Respondent opposes the Motion (ECF No. 20) and Petitioner has not filed a reply memorandum within the time allowed by S. D. Ohio Civ. R. 7.2. Accordingly, the Motion for Discovery is ripe for decision.

Dalmida seeks production of "the case notes, particle images, and X-ray spectra from the State's gunshot residue testing." (ECF No. 19, PageID 1426.) He believes those materials may be evidence the State should have turned over before trial because of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). He hypothesizes that if the particles removed from his hands after the crime are definitively shown not to have been gunshot residue, they are exculpatory or at least would have provided significant impeachment of the State's gunshot residue expert.

1

Respondent notes the general good cause standard for discovery in habeas (ECF No. 20, PageID 1429, citing *Bracy v. Gramley*, 520 U.S. 899 (1997); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000); and *Stanford v. Parker,* 266 F.3d 442 (6th Cir. 2001)).

Respondent also notes that Petitioner's *Brady* claim was presented to the Ohio courts and decided adversely to him by both the Hamilton County Court of Common Pleas and the First District Court of Appeals. In post-conviction, Dalmida presented the opinion of former FBI agent John Kilty (Affidavit of John W. Kilty, attached to Supplement to Petition for Post-Conviction Relief, State Court Record ECF No. 13, PageID 434-38). At the time of his Affidavit in 2015, Kilty had been retired from the FBI for approximately twenty-eight years. Prior to retirement, he had worked at the FBI Laboratory for twenty-two years; since retirement his practice has been limited to consultation and expert testimony. He read the report of Hamilton County Coroner's Crime Laboratory trace evidence examiner Michael Trimpe in this case, but not any of the background work product behind it (the materials now sought in discovery), without which he averred Trimpe's conclusion that particles lifted from Dalmida's hands "looked like gunshot residue" cannot be verified. *Id.* at ¶ 11, PageID 436. Kilty noted that Trimpe had eliminated fireworks and brake pads as possible sources of the particles, but opined that "[e]liminating two possible sources does not eliminate other possible sources, even if such elimination was [sic] a possibility." A key paragraph reads:

> 9. In the absence of any three-component particles or additional two-component (lead-antimony, barium-antimony) particles, it is not scientifically supportable to say that the "several particles" lifted from Mr. Dalmida's hands were "gunshot residue." It is also not scientifically supportable to say that that this minimal population of lead-barium particles "looks like gunshot residue." While lead-barium particles can be a part of a population of gunshot residue, the absence of three-component particles and the other two-component particles (lead-antimony, barium-antimony) is, in my opinion, seriously inconclusive in determining if such a minimal population

2

should be considered as looking like gunshot residue or primer residue. ["Gunshot residue" and "primer residue" are used interchangeably in this affidavit as they are in the Laboratory Report.]

(ECF No. 13 at PageID 435.) In addition, Kilty criticized Trimpe's language as expressing more scientific certainty than was possible and how difficult it would be to come to scientific conclusions without examining the work product behind Trimpe's report.

The First District Court of Appeals rejected Dalmida's *Brady* claim. *State v. Dalmida*, Case No. C-160674 (1st Dist. Dec. 29, 2017)(unreported; copy at State Court Record, ECF No. 13, Ex. 32, PageID 523, *et seq*.), appellate jurisdiction declined, 152 Ohio St. 3d 1480 (2018). It acknowledged the Kilty Affidavit, but concluded it did not show that the underlying work product was *Brady* material.

> Moreover, the forensics expert's affidavit leaves unaffected the other evidence adduced at trial showing Dalmida's participation in the assault, armed robbery, and shooting of the victim, including the presence of the victim's blood on Dalmida's clothing and the victim's testimony that Dalmida had, as his accomplice displayed a handgun, demanded drugs and money, torn the victim's clothing, taken the victim's cell phone, and urged his accomplice to shoot the victim. *See Dalmida* at ¶ 11, 14-19 and 29.[1] Thus, Dalmida could not be said to have been denied a fair trial by the state's alleged failure to disclose the documents underlying the gunshot-residue analysis, because that evidence was not "material," when it could not "reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict[s]." *See Kyles v. Whitley,* 514 U.S. 419, 434-436, 115S.Ct. 1555, 131 L.Ed. 490 (1995); *see also State v. Johnston,* 39 Ohio St.3d 48, 529 N.E.2d 898 (1988), paragraph five of the syllabus.

*Dalmida, supra,* at ECF No. 13, PageID 524.

When a state court decides the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is

---

[1] Referring to *State v. Dalmida,* 1st Dist. Hamilton No. C-140517, 2015-Ohio-4995, *appeals not accepted,* 145 Ohio St.3d 1458, 2016-Ohio-2807, 49 N.E.3d 320.

3

contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100(2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

To prevail on a *Brady* claim, the petitioner must show that the withheld exculpatory evidence was material; that is, it "could reasonably be taken to put the whole case in such a different light as to undermine the confidence in the verdict." *VanHook v. Bobby,* 661 F.3d 264, 267, (6th Cir. 2011), *quoting Kyles v. Whitley,* 514 U.S. 419, 435 (1995).

Respondent is incorrect in claiming the withheld evidence is irrelevant. However, Petitioner has failed to show that the First District's decision here is an objectively unreasonable application of *Kyles*. There was a great deal of other evidence of Dalmida's guilt beyond the trace examiner's testimony. The Kilty Affidavit does not contradict the trial testimony of the trace examiner, but rather questions its appropriateness as scientific testimony. If the materials sought were produced and tested and gunshot residue could then be definitively eliminated as a source for the particles on Mr. Dalmida's hands, that would at most cause the gunshot residue testimony to drop out of the case. That would not be enough to undermine confidence in the verdict.

Accordingly, the Motion for Discovery is DENIED.

March 26, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge