# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GRADY DALMIDA,

        Petitioner,      :      Case No. 1:17-cv-488

  - vs -                          District Judge Susan J. Dlott
                                 Magistrate Judge Michael R. Merz

Warden,
  Toledo Correctional Institution

                              :
        Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION FOR
# CERTIFICATE OF APPEALABILITY

This habeas corpus case is before the Court on Petitioner's Request for a Certificate of Appealability (ECF No. 29). As a post-judgment motion, it is deemed referred to the assigned Magistrate Judge under 28 U.S.C. § 636(b)(3) for a report and recommendations.

In the Report and Recommendations on the merits, the Magistrate Judge recommended that the Petition be dismissed with prejudice and that "[b]ecause reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability. . ." (ECF No. 22). Petitioner objected to that recommendation and sought a certificate of appealability on "all grounds for relief." (Objections, ECF No. 25, PageID 1485).

In entering final judgment in the case, the District Court overruled Petitioner's objections, including Objection 18, and denied a certificate of appealability. Under Rule 11 of the Rules Governing § 2254 Cases, a district court "must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." In other words, the question whether to issue a certificate is supposed to be a pre-judgment matter, as it was treated by the Magistrate Judge and the District Court in this case. The effect of the instant Motion, then, is to seek an amendment of the final judgment denying a certificate of appealability.

The Motion treats the question of a certificate as if it were to be decided *de novo,* but the Court has already done that and denied a certificate. The Motion is timely if considered under Fed.R.Civ.P. 59(e)[1]. But the Motion neither cites Rule 59 nor argue in terms of the standards for granting relief under that Rule.

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). That is, however, what Petitioner appears to have done. The Motion lists numerous ways in which the Magistrate Judge assertedly erred: he

---

[1] A motion under Rule 59(e) must be filed not later than twenty-eight days after judgment. In this case that would have been July 4, 2019, so the time for filing was extended to July 5, 2019 by operation of Fed.R.Civ.P. 6(a)(1)(C) and (a)(6)(A).

"mischaracterized, … never addressed, . . . glossed over, , , , and claimed" incorrectly that Petitioner "failed to present key factors." And these objections to the Report are all contained in one paragraph (ECF No. 29, PageID 1555). Petitioner's Objections to the Report raised these issues in much the same language (ECF No. 25, PageID 1489-90). The Order and Judgment which are sought to be amended overruled these Objections on the merits (ECF No. 27). To prevail on the instant Motion, Petitioner must show a manifest error of law in the judgment, but he has not attempted to do so except by rearguing the Objections.

Petitioner's Motion, construed as being made under Fed.R.Civ.P. 59(e), does not show manifest error of law in the judgment and should therefore be DENIED.

July 5, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).